**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RONNIE D. SIMS, JR. #427586,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:21-cv-00916** |
| | ) | **Judge Trauger** |
| **WESLEY KING, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM**

Ronnie D. Sims, Jr., a pro se pretrial detainee at the Davidson County Sheriff's Office, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 6.) This action is before the court for initial review under the Prison Litigation Reform Act. As explained below, this action will be dismissed without prejudice.

**I.      Application to Proceed as a Pauper**

The court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper (Doc. No. 6) reflects that he cannot pay the full filing fee in advance, so the application will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b).

**II.      Initial Review**

The court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court must also liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A.      Allegations

The plaintiff submitted two supplemental filings (Doc. Nos. 5, 7) in addition to the complaint. (Doc. No. 1.) Liberally construing these filings together for the purpose of initial review, the plaintiff alleges as follows:

On October 13, 2019, the plaintiff turned himself in to law enforcement. (*Id.* at 4.) He received a charge of criminal homicide and a bond of $600,000. (*Id.*) A week or two later, the plaintiff received another criminal homicide charge with a bond of $700,000, bringing his total bond to $1.3 million dollars. (*Id.*) The plaintiff then submitted several written requests to the court asking for a bond reduction hearing, but he did not receive a response. (*Id.*)

When the plaintiff's charges were bound over the grand jury, he received nine "unnecessary" and "wrongful" additional charges that he "shouldn't have at all," intended to "cover up the two criminal homicides [he] was charged with in 2019" and "keep [the plaintiff] incarcerated." (*Id.*; Doc. No. 5 at 1.) These charges include two counts of first-degree murder, attempted first-degree murder, three counts of employing a firearm during a dangerous felony, attempted especially aggravated robbery, and two counts of especially aggravated burglary. (Doc. No. 1 at 4; Doc. No. 5 at 1–2.) The plaintiff maintains that he had "no part[] of the crime." (Doc. No. 5 at 1.)

The plaintiff's attorney filed a motion for a bond reduction, and the court held a hearing on July 15, 2021. (Doc. No. 1 at 4; Doc. No. 5 at 2.) Five days later, the court entered a written order denying the motion, revoking the plaintiff's bond in another case, and keeping the plaintiff's bond set at $1.3 million for the criminal homicide charges. (Doc. No. 1 at 4, 9; Doc. No. 5 at 2.) The court expressed "concerns about [the plaintiff's] history of non-compliance with conditions of release," and the plaintiff takes issue with the court's rationale. (*See id.* at 4; Doc. No. 5 at 2–3.)

The plaintiff believes that the judge, the Honorable Steve Dozier, was biased because he "was [the plaintiff's] father's judge." (Doc. No. 5 at 3.) The plaintiff also complains that some of his co-defendants have a much lower bond than he. (Doc. No. 1 at 4; Doc. No. 5 at 2.)

The plaintiff requests that this court reinstate and lower his bond to between $50,000 and $100,000. (*Id.* at 6; Doc. No. 5 at 3; Doc. No. 7 at 1.) He also requests to be compensated in the amount of $130,000. (Doc. No. 5 at 3; Doc. No. 7 at 1.)

### B. Legal Standard

To determine if the complaint states a claim, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Analysis

In federal court, there are "two main avenues to relief on complaints related to imprisonment:" a habeas corpus petition, and a complaint brought under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A challenge "to the validity of any confinement or to particulars affecting its duration" must be raised in a habeas petition. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Section 1983, in the context of imprisonment-related complaints, is typically used to "challenge the conditions of a prisoner's confinement." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad*, 540 U.S. at 750; *Preiser*, 411 U.S. at

3

498–99). That is so despite Section 1983's "literal applicability" to any claim asserting the deprivation of a federal constitutional right by a state actor. *See id.* at 643 (citing *Preiser*, 411 U.S. at 489; 42 U.S.C. § 1983). Therefore, where an inmate brings claims that "necessarily demonstrate the invalidity of confinement or its duration," the only appropriate vehicle is a habeas petition, not a Section 1983 complaint. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Nelson*, 541 U.S. at 643 (citing *Preiser*, 411 U.S. at 489) ("[Section] 1983 must yield to the more specific federal habeas statute . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.").

The plaintiff brings this action under Section 1983, but the excessive-bail claim at the heart of the complaint is a challenge to the fact or duration of the plaintiff's confinement. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus."). Accordingly, the proper vehicle for the plaintiff's band challenge is a habeas corpus petition, and the plaintiff fails to state a claim under Section 1983.

The court notes that state pretrial detainees, like the plaintiff, pursue habeas corpus relief in federal court under 28 U.S.C. § 2241. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Before presenting an excessive-bail claim for federal review through a Section 2241 habeas petition, however, a pretrial detainee "must exhaust all available state court remedies." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). "Review of the criminal court's [bond] determination can be had by filing a motion for review in the [state] court of criminal appeals." *Witherspoon v.*

4

*Oldham*, No. 17-cv-2535-SHM-cgc, 2018 WL 1053548, at *4 (W.D. Tenn. Feb. 26, 2018) (citing Tenn. Code Ann. § 40-11-1144; Tenn. R. App. P. 8). And "[r]eview of the court of criminal appeals' decision," if necessary, "can be had by filing a motion for review in the state supreme court." *Id.* (citing Tenn. Code Ann. § 40-11-1144; Tenn. R. App. P. 8).

## III.   Conclusion

For these reasons, this action will be dismissed for failure to state a claim under Section 1983. This dismissal is without prejudice to the plaintiff filing a habeas corpus petition under 28 U.S.C § 2241 after properly exhausting the available state court remedies for his bond challenge. However, the court makes no representations regarding the viability of any habeas corpus petition the plaintiff may file in the future.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge

5